UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-cv-61676-GAYLES

SANTIAGO VAZQUEZ,

    Plaintiff,

v.

THEO GIBBS, LISA GIBBS, JIM KINSEY, FRED JONES, CHARLES HILL, THEODORE M. DIBIASE, JR., and GLOBAL ACCOUNTABILITY CORPORATION, a Montana Corporation,

    Defendants.
_____/

# ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of *pro se* Plaintiff Santiago Vazquez's Complaint [ECF No. 1].[1] On August 12, 2021, Plaintiff filed this action against Defendants Theo Gibbs, Lisa Gibbs, Jim Kinsey, Fred Jones, Charles Hill, Theodore M. DiBiase, Jr., and Global Accountability Corporation (collectively, "Defendants") for aiding and abetting fraud, private securities fraud, fraud in the inducement, and breach of contract. However, the Complaint fails to adequately invoke the Court's subject-matter jurisdiction and must therefore be dismissed without prejudice.

"Federal courts are courts of limited subject-matter jurisdiction." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (citing *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)). A district court's subject-matter jurisdiction is limited

---

[1] The Court liberally construes the Complaint because Plaintiff is proceeding *pro se*. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("[Courts] liberally construe *pro se* filings . . . ." (citation omitted)).

to one of three types: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc.*, 844 F.3d at 1305 (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). A district court enjoys federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court also enjoys diversity "jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity: every plaintiff must be diverse from every defendant." *Torreyes v. Godiva Chocolatier, Inc.*, 424 F. Supp. 3d 1276, 1280 (S.D. Fla. 2019) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

Plaintiff brings this action pursuant to 28 U.S.C. § 1332, alleging that this action is between citizens of different states and the amount in controversy exceeds $75,000. [ECF No. 1 at 3 ¶ 14]. However, upon reviewing the Complaint, the Court concludes that it lacks diversity jurisdiction over this matter. Here, Plaintiff states that he is a resident of Fort Lauderdale, Florida. [ECF No. 1 at 2 ¶ 6]. Plaintiff states that the citizenship of the Defendants are as follows: (1) Theo Gibbs and Lisa Gibbs are residents of Florida; (2) Jim Kinsey and Fred Jones are residents of Missoula, Montana; (3) Theodore DiBiase, Jr., is a resident of Clinton, Mississippi; and (4) Global Accountability Corporation is a Montana Corporation with operations in Florida. *Id.* at 3 ¶¶ 7–12. These statements are insufficient to establish diversity jurisdiction.

First, Plaintiff fails to allege his and Defendants' states of citizenship, instead alleging the parties' states of residence. See *Kantrow v. Celebrity Cruises Inc.*, No. 20-CIV-21997, --- F. Supp. 3d ---, 2021 WL 1976039, at *9 (S.D. Fla. Apr. 1, 2021) ("Because Plaintiffs alleged their state of residency and not their state of citizenship, they have failed to properly plead their citizenship for

purposes of diversity jurisdiction." (citation omitted)). *See also Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) ("Residency is necessary, but insufficient, to establish citizenship in a state."). To establish diversity jurisdiction, "citizenship should be 'distinctly and affirmatively alleged.'" *Kantrow*, 2021 WL 1976029, at *8 (quoting *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980)). Second, even if the Court were to assume that the parties' states of residence were in fact their states of citizenship, Plaintiff and at least two Defendants are from Florida and, therefore, not completely diverse. *See Rivas v. Bank of N.Y. Mellon*, No. 15-CIV-81307, 2018 WL 4293151, at *3 (S.D. Fla. Sept. 10, 2018) ("Here, the parties are not completely diverse because Plaintiff and many Defendants are citizens of the same state."). Because complete diversity of citizenship does not exist between the parties, *see id.* at 2–3, the Court does not have jurisdiction over this action. Therefore, this action must be dismissed without prejudice.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Santiago Vazquez's Complaint, [ECF No. 1], is **DISMISSED without prejudice**.

2. This action is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of August, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE